CHARLES MARSHALL JONES *v.* DAVID SIDLE and another.

The purchaser of bank stock, which, according to the usage of the bank, could only be transferred to him on his compliance with certain forms, cannot annul the sale, where he has failed to put the vendor in default; after placing himself in a condition to receive the transfer by complying with the regulations of the bank.

APPEAL from the Commercial Court of New Orleans, *Watts, J.*

*Jones, pro se.*

*G. Strawbridge*, for the appellants.

BULLARD, J. The defendants, being sued on their note, given for the price of certain city property and a number of shares of the stock of the Citizens Bank, pleaded that the plaintiff, their vendor, had failed and neglected to deliver to them the bank stock, which has become greatly depreciated, and cannot be disposed of as originally contemplated by them. They, therefore, pray that the sale may be cancelled and annulled.

This defence did not avail them in the court below, and they

are appellants from a judgment condemning each to pay one-half of the amount of their promissory note.

It is clearly shown, as a usage of the bank, that when the purchaser of property, on which there is stock, wishes to have it transferred to him, he must present a petition to the board of directors, and, at the same time, file his title papers for examination; and that the plaintiff could not make a transfer of the stock on the books of the bank, without such previous act of the purchaser. It appears, therefore, clear, that the plaintiff was never put in default; and the loss in the depreciation of the bank stock, in the meantime, cannot be legally chargeable to him. It further appears, that the defendants were offering to make sale of their stock, and might have sold above par; but they do not appear to have required of the plaintiff a legal transfer, when they own themselves in a condition to receive it, according to the regulations of the bank.

The fact that the stock stood, at the time, in the name of Stringer, does not appear to us to make any difference. It was Jones who had bound himself to make the transfer, or to cause it to be made. Nothing shows that the fact of the stock standing in the name of Stringer, formed any formidable obstacle to the transfer to the defendants, if they had required it.

*Judgment affirmed.*